UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEORGE CORCORAN,

                                Plaintiff,

  -against-

THE CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),



                               Defendants.
------------------------------------------------------------------------X

*__COMPLAINT AND JURY DEMAND__*

ECF CASE

Docket No.
1:16-cv-1700

Plaintiff George Corcoran, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

## **PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from an August 16, 2015 incident in which defendants, acting under color of state law, unlawfully detained and arrested Mr. Corcoran for no valid reason. As a result of this unlawful detainment and arrest, Mr. Corcoran was deprived of liberty for approximately 24 hours. After multiple court appearances, Mr. Corcoran's case was dismissed and sealed.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

1

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff George Corcoran ("Mr. Corcoran") resided at all times in Bronx County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time,

2

Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

14. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

15. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

16. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## **FACTUAL CHARGES**

17. On August 16, 2015, at approximately 10:00 p.m., Mr. Corcoran was walking on 5th Avenue and 131st Street in New York, New York.

18. Mr. Corcoran was walking with his friend, Eli Matos.

19. Mr. Corcoran was not committing any crimes or violating any local laws.

20. Defendants, including unidentified individual defendants, approached Mr. Corcoran, and demanded to see his Identification.

21. Defendants, including unidentified individual defendants, had no legal reason to request Identification from Mr. Corcoran.

22. Defendants, including unidentified individual defendants, grabbed Mr. Corcoran, and without legal justification, put handcuffs on Mr. Corcoran.

23. Defendants, including unidentified individual defendants, searched Mr. Corcoran without permission or authority.

24. No contraband or anything of illegality was found on Mr. Corcoran.

25. Defendants, including unidentified individual defendants, unlawfully placed Mr. Corcoran under arrest.

26. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Corcoran.

27. Mr. Corcoran did not resist arrest.

28. Defendants, including unidentified individual defendants, put Mr. Corcoran into their van while handcuffed.

29. Defendants drove Mr. Corcoran to the precinct.

30. Ms. Cuevas inquired as to why he was being arrested.

31. Defendants refused to tell Mr. Corcoran why he was being arrested.

32. Eventually, Mr. Corcoran was transported to central bookings.

33. While Plaintiff was in central booking, Defendants, including unidentified individual defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Attempted Tampering with Physical Evidence.

34. At arraignments, Mr. Corcoran was released on his own recognizance.

35. Mr. Corcoran spent approximately 24 hours unlawfully detained in police custody.

36. After multiple court appearances, on December 3, 2015, Mr. Corcoran's case was dismissed and sealed by motion of the District Attorney.

37. During all of the events described, the individual Defendants acted maliciously and with

intent to injure Plaintiff.

38. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

39. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## **FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

45. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and

without probable cause or reasonable suspicion.

46. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

50. Plaintiff was conscious of his confinement.

51. Plaintiff did not consent to his confinement.

52. Plaintiff's arrest and false imprisonment was not otherwise privileged.

53. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

59. The above paragraphs are here reference as though fully set forth.

60. The individual Defendants incorporated by created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Corcoran committed unlawful acts.

61. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

62. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would

probably result from the foregoing conduct.

66. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

67. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

68. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 6, 2016
Brooklyn, New York

Respectfully submitted,

/s/ Cary London, Esq.

*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Corcoran
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com